HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL and SUSAN MARCHEGIANI,

Plaintiffs,

v.

LEOLA D STELLWAGEN, et al.,

Defendants.

CASE NO. C19-5796RBL

ORDER OF REMAND

THIS MATTER is before the Court on the Magistrate Judge Fricke's Order to Show Cause [Dkt. # 10] why the case should not be remanded for failure to properly invoke the Court's diversity jurisdiction. Plaintiffs Marchegiani sued in Grays Harbor Superior Court for fraud, misrepresentation, and breach of contract, in connection with their purchase of a home in Ocean Shores. The Marchegianis' complaint alleged damages of "not less than $50,000." The defendants are the seller and their real estate agent.

Defendants removed the case here, claiming that the amount sought, plus the (under the contract) attorneys' fees meant the amount in controversy exceeded $75,000. Judge Fricke ordered them to show cause why the case should not be remanded, based on the amount in controversy. [Dkt. # 10].

ORDER OF REMAND - 1

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). Where the complaint does not specify the amount of damages sought, it is the removing defendant's burden to prove that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Courts strictly construe the removal statute against removal and resolve any doubts in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The court must first consider whether the amount in controversy is "facially apparently" from the complaint. *McDermott v. Life Inv'rs Ins. Co. of Am.*, No. C06-5344 RBL, 2006 WL 2668153, at *1 (W.D. Wash. Sept. 14, 2006). If it is not, "the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske*, 432 F.3d at 976, (quoting *Singer*, 116 F.3d at 377) (internal quotation omitted). Evidence of damages awarded in similar

cases may be probative. *See Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d 1196, 1199 (D. Or. 2006). Post-removal admission by parties may also be considered. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006).

The Marchegianis argue they seek $33,211 for construction and travel costs, plus no more than $30,000 in fees. Defendants argue that their own estimate of fees, based on their own discounted reasonable rates, greatly exceeds the $75,000 threshold.

The Court agrees that the rates described are reasonable, but they are in Seattle, not Grays Harbor (where the case arose), or Olympia (where plaintiff's attorney practices) or Tacoma (where the case will be heard if it is in federal court). In any event, they do not and cannot dispute the amount claimed, or demonstrate that the plaintiff's own estimated fees are unreasonable. This is a Court's of limited jurisdiction. Not every case is removable just because the parties could potentially spend multiples of the actual amount in controversy on attorneys' fees. The Defendants have not met their burden of demonstrating with summary judgment like evidence that the amount in controversy exceeds $75,000.

There is also a separate, fatal problem with the removal. The Marchegianis are California residents, and both Defendants are Washington residents [Dkt. # 1]. The "forum-defendant rule" precludes removal where the plaintiff is suing in the defendant's home state, even if the parties are diverse: "Action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

For each of these reasons, the removal was improper, and the case is **REMANDED** to Grays Harbor County Superior Court. The Court will not award fees.

IT IS SO ORDERED.

Dated this 4th day of October, 2019.

Ronald B. Leighton
United States District Judge